UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Eddie Jerome Motts,<br><br>Petitioner,<br><br>vs.<br><br>Warden of Evans Correctional Institution,<br><br>Respondent. | **Case No. 8:25-cv-05046-JD**<br><br>**ORDER AND OPINION** |

This matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge William S. Brown, issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). (DE 59.) The Report recommends granting Respondent Warden of Evans Correctional Institution's Motion for Summary Judgment (DE 33), denying Petitioner Eddie Jerome Motts's Motion for Summary Judgment (DE 36), and denying Petitioner's Amended Petition for a writ of habeas corpus under 28 U.S.C. § 2254 (DE 25). Petitioner, proceeding *pro se*, filed objections to the Report with supporting materials. (DE 66.)

Also before the Court is Petitioner's post-Report Motion for Leave to Amend. (DE 68.) Respondent filed a response in opposition (DE 69); Petitioner did not file a reply, and the time to do so has expired. The Court addresses the Report, Petitioner's objections, and the Motion to Amend below.

### A. Background

On September 11, 2019, a Cherokee County jury convicted Petitioner of two counts of attempted murder and possession of a firearm during the commission of a violent crime. (DE 59 at 1–2.) He received consecutive sentences of thirty years on each attempted-murder conviction and five years on the firearm conviction, for an aggregate sentence of sixty-five years. *Id.* at 2. Petitioner did not file a direct appeal. *Id.*

The convictions arose from a March 2018 shooting at a bar. As summarized by the PCR court, the trial evidence showed that Petitioner became involved in a confrontation at the bar, was told to leave, later returned with a firearm, and shot Brandon Ramsey in the thigh and bartender Tony Lipscomb in the chest. (DE 32-2 at 112–13; DE 59 at 2–3.) The circumstances of the confrontation, including evidence that Lipscomb possessed or attempted to use a pool cue and firearm, later formed the basis of Petitioner's contention that trial counsel should have emphasized self-defense. The trial court ultimately instructed the jury on self-defense. (DE 32-2 at 17–19, 119–20.)

Petitioner filed an application for post-conviction relief ("PCR") in March 2020. The PCR court held an evidentiary hearing on April 18, 2022, at which Petitioner and trial counsel testified, and later denied relief in a written order. (DE 32-2 at 63–123; DE 59 at 3–4.) Among other claims, Petitioner contended that counsel failed to develop an adequate trial strategy, review discovery, pursue self-defense, seek a self-

defense instruction, and investigate allegedly fabricated evidence. (DE 32-2 at 113; DE 59 at 3.)

On PCR appeal, appointed counsel filed a petition under *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), raising one issue: whether trial counsel rendered ineffective assistance by failing adequately to investigate and utilize self-defense where Petitioner testified that Lipscomb pointed a firearm at him and other evidence allegedly showed that Lipscomb possessed a knife and had attempted to strike Petitioner with a pool cue. (DE 32-3 at 3; DE 59 at 4.) Petitioner filed a *pro se* response asserting that PCR counsel had "hindered" his ability to meet his burden because counsel failed to obtain evidence Petitioner had requested. (DE 32-4 at 2; DE 59 at 4.) The South Carolina Court of Appeals denied certiorari on December 5, 2024. (DE 32-7; DE 59 at 5.)

Petitioner's operative federal Amended Petition asserts two broad grounds. Ground One alleges ineffective assistance of trial counsel through fourteen supporting allegations; Ground Two alleges denial of a fair trial through sixteen due-process allegations. (DE 25 at 7–8, 13–18; DE 59 at 5–8.) Respondent contends that only Ground One's claims concerning counsel's handling of self-defense and the self-defense instruction were preserved through PCR appellate review and that all remaining claims are procedurally defaulted. (DE 32 at 19.) Petitioner disputed that position in his summary judgment briefing, arguing that he raised the claims during PCR and in his *pro se* appellate filing. (DE 39 at 1.)

### B. Report and Recommendation

The Report first addressed exhaustion and procedural default. It concluded that Petitioner preserved for federal habeas review only the portions of Ground One alleging that trial counsel was ineffective in failing adequately to pursue self-defense and a self-defense jury instruction—Supporting Facts Two and Three. (DE 59 at 14–16.) The Report found the remaining allegations in Ground One and all claims in Ground Two procedurally defaulted because Petitioner did not present them through the South Carolina PCR appellate process. *Id.* It also concluded that Petitioner had not established cause and prejudice or another basis to excuse the defaults. *Id.* The Report nevertheless addressed the defaulted claims alternatively on their merits. (DE 59 at 16–40.)

As to the preserved self-defense claims, the Report reviewed the PCR court's adjudication under 28 U.S.C. § 2254(d) and *Strickland v. Washington*, 466 U.S. 668 (1984). (DE 59 at 16–20.) The Report relied on the PCR court's findings that trial counsel considered and discussed self-defense with Petitioner, reviewed the video evidence, concluded that the evidence did not support making self-defense the principal defense, and instead selected an insanity defense based on Petitioner's medical history. *Id.* The Report also noted that counsel nevertheless requested and obtained a self-defense instruction. *Id.* Giving the PCR court's factual and credibility findings the deference required by AEDPA, the Report concluded that Petitioner had not shown that the state court unreasonably applied *Strickland* or made an

unreasonable determination of the facts. *Id.* The Report, therefore, found the preserved claims insufficient to warrant habeas relief.

The Report also considered Petitioner's remaining ineffective-assistance and due-process allegations, including claims involving allegedly fabricated or withheld evidence, medical records and witnesses, discovery, counsel's preparation and consultation, prosecutorial misconduct, and other asserted trial error. (DE 59 at 22–40.) Although those claims were procedurally barred, the Report concluded in the alternative that the record did not establish a basis for habeas relief under the applicable federal standards. *Id.*

Finally, the Report recommended denying Petitioner's Motion for Summary Judgment. (DE 59 at 40–42.) It found, among other things, that Respondent's Return was timely filed under the extensions previously granted by the Court and that Petitioner had not otherwise demonstrated entitlement to judgment in his favor. *Id.* The Report also rejected Petitioner's request for an evidentiary hearing, noting that the state PCR court had already conducted an evidentiary hearing on April 18, 2022. *Id.* Accordingly, the Report recommends granting Respondent's Motion for Summary Judgment (DE 33) and denying Petitioner's Motion for Summary Judgment (DE 36). (DE 59 at 42.)

## C. Legal Standard

### 1. Review of the Report and Objections

A magistrate judge's recommendation carries no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v.*

*Weber*, 423 U.S. 261, 270–71 (1976). Under 28 U.S.C. § 636(b)(1), the Court must make a de novo determination of those portions of the Report to which a party makes a specific objection. The Court may accept, reject, or modify the recommendation, in whole or in part, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

An objection is sufficient to trigger de novo review when it identifies the challenged finding or recommendation with enough specificity "to alert the district court to the true ground" of disagreement. *Elijah*, 66 F.4th at 460; *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). An objection need not present a new argument; repetition of an argument made before the Magistrate Judge does not reduce review to clear error when the litigant has made the basis of disagreement clear. *Elijah*, 66 F.4th at 460–61. And because Petitioner proceeds pro se, his objections must be liberally construed, with de novo review afforded to any articulated ground on which he appears to challenge the Report. *Id.* at 461.

By contrast, when no specific objection is made to a portion of the Report, the Court need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005). This division of review permits the district judge to focus de novo attention on the issues actually placed in dispute while retaining ultimate Article III responsibility for the disposition. *See Elijah*, 66 F.4th at 459–61.

### 2. Federal Habeas Review and Ineffective Assistance

Federal habeas review of a state conviction is intentionally narrow. For a claim adjudicated on the merits in state court, a federal court may not grant relief unless the state-court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A federal court therefore does not ask merely whether the state court was incorrect. Relief requires an error beyond the possibility of "fairminded" disagreement. *Harrington v. Richter*, 562 U.S. 86, 101–03 (2011); *Mahdi v. Stirling*, 20 F.4th 846, 891–92 (4th Cir. 2021). State-court factual determinations are presumed correct unless rebutted by clear and convincing evidence, and particular deference is owed to a PCR court's credibility findings. 28 U.S.C. § 2254(e)(1); *Mahdi*, 20 F.4th at 892. Review under § 2254(d) is confined to the state-court record for a claim adjudicated there on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011).

Claims of ineffective assistance are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). The petitioner must establish both constitutionally deficient performance and prejudice. *Id.* at 687. Performance is assessed under an objective standard of reasonableness, accompanied by a strong presumption that counsel acted within the wide range of reasonable professional assistance. *Id.* at 688–89. Prejudice

requires a reasonable probability that, but for counsel's errors, the result would have been different. *Id.* at 694.

When a state court has adjudicated a *Strickland* claim on the merits, these standards operate together. The resulting review is "doubly" deferential. *Richter*, 562 U.S. at 105; *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *Mahdi*, 20 F.4th at 894. The question before this Court is therefore not whether it would have selected the same defense strategy as trial counsel. It is whether the PCR court's determination that counsel satisfied *Strickland* was objectively unreasonable under § 2254(d)—a "very high bar." *Mahdi*, 20 F.4th at 894.

## D. Discussion

### 1. Procedural Default and the Scope of Federal Review

The Report first concluded that Ground One's self-defense claims—Supporting Facts Two and Three—were preserved for federal review and that the remaining claims were procedurally defaulted because they were not fairly presented through the South Carolina PCR appellate process. (DE 59 at 14–16.) Respondent argued that result in its memorandum supporting summary judgment. (DE 32 at 19.) Petitioner had responded that his claims were not defaulted because he raised ineffective assistance and due-process issues during PCR and in his *pro se* submission on PCR appeal. (DE 39 at 1.)

Petitioner's objections do not develop a renewed procedural-default argument. They do, however, refer to the *Johnson* petition, its accompanying record, and the state appellate proceedings. (DE 66 at 2.) Because Petitioner proceeds *pro se*, the

Court will assume those references are intended to challenge the Report's conclusion that claims outside the preserved self-defense issue were not exhausted. The Court, therefore, reviews that question de novo.

The objection does not alter the Report's conclusion. A state prisoner must fairly present both the operative facts and the controlling federal legal principles of a claim through the required state review process. *Mahdi*, 20 F.4th at 892–93. In South Carolina, *Mahdi* specifically explains that a claim is procedurally barred when the petitioner fails to raise it in the petition seeking appellate review of the PCR court's decision. *Id.* at 893. Petitioner's appointed *Johnson* petition raised the trial counsel self-defense claim. (DE 32-3 at 3.) His *pro se* response added a complaint that PCR counsel failed to obtain requested evidence. (DE 32-4 at 2.) But a general assertion that PCR counsel failed to obtain evidence did not fairly present each of the distinct federal claims later enumerated in Grounds One and Two of the Amended Petition.

*Mahdi* is particularly instructive because it involved the same distinction between claims adjudicated in an initial South Carolina PCR proceeding and claims not carried forward on PCR appeal. There, the Fourth Circuit held that the unappealed PCR claims were procedurally barred and rejected reliance on *Martinez v. Ryan*, 566 U.S. 1 (2012), because the relevant omission was attributable to PCR appellate counsel. *Mahdi*, 20 F.4th at 897–98. *Martinez* creates a narrow equitable exception where ineffective initial-review collateral counsel fails to preserve a substantial ineffective-assistance-of-trial-counsel claim; it does not extend to

attorney errors on appeal from the initial PCR proceeding. *Id.* at 893–94, 898; *see also Martinez*, 566 U.S. at 16.

Thus, to the extent Petitioner attributes the omission of claims already adjudicated by the PCR court but not carried forward on PCR appeal to counsel handling that appeal, *Mahdi* forecloses that theory as *Martinez* cause. DE 66 does not identify a distinct trial-counsel claim that initial-review PCR counsel failed to raise, much less show that such a claim is substantial under *Strickland*. *See Mahdi*, 20 F.4th at 893–94. And *Martinez* does not supply cause for Petitioner's independent due-process claims in Ground Two. *See Davila v. Davis*, 582 U.S. 521, 529–31 (2017) (declining to extend *Martinez* to new categories of defaulted claims and emphasizing that the criminal trial "enjoys pride of place" in the criminal justice system and that the limited *Martinez* exception reflects the "bedrock" importance of effective assistance of trial counsel).

Section 2254(i) separately provides that ineffective assistance of state collateral counsel is not itself a ground for federal habeas relief. That proposition is distinct from *Martinez*'s limited use of deficient initial-review collateral representation as equitable cause to overcome a procedural default. That distinction does not alter the Report's recommended disposition.

Accordingly, to the extent DE 66 objects to the Report's procedural-default ruling, the objection is overruled. The preserved ineffective-assistance claim concerning trial counsel's treatment of self-defense remains subject to review under § 2254(d).

**2. Trial Counsel's Selection of Defense Strategy**

Petitioner's principal objection concerns trial counsel's strategic treatment of insanity and self-defense. (DE 66 at 1–2.) The Report relied on the PCR court's findings that counsel considered self-defense, discussed it with Petitioner, reviewed the video evidence, concluded the evidence did not support making self-defense the principal theory, and instead intended to pursue an insanity defense based on Petitioner's medical history. (DE 59 at 18–20; DE 32-2 at 102–03, 119–20.) The PCR court also found that counsel nevertheless obtained a self-defense instruction from the trial court. (DE 32-2 at 119–20.)

Petitioner objects that the insanity defense "should have not been pursue[d]" and contends counsel knew that theory would not succeed. (DE 66 at 1, 4.) He reasons that an insanity defense required supportive expert testimony, that no expert ultimately testified for the defense at trial, and that counsel therefore should have concentrated on self-defense. (*Id.* at 1–2, 4–6.) Petitioner points to portions of the trial transcript that he believes showed Lipscomb threatened him with a pool cue or firearm and to a photograph he contends supported his account. (*Id.* at 4–5.) He asks the Court to conclude that counsel's failure to make self-defense the principal strategy constituted ineffective assistance. (*Id.* at 5–6.)

The Court has reviewed this objection de novo. It does not establish entitlement to habeas relief. First, the documentary materials Petitioner attached to his objection do not establish the factual premise of his argument. The March 5, 2019, notice shows that defense counsel notified the prosecution of an intent to rely on an

insanity defense. (DE 66-1 at 2.) The State then sought information concerning anticipated defense expert testimony. (*Id.* at 3–4.) Most significantly, the April 2019 consent continuance order states that the defense had retained an expert witness to assist in presenting evidence supporting the insanity plea and requested a continuance because the expert had a scheduling conflict. (*Id.* at 9–10.) Those materials show that counsel was developing the insanity theory with expert assistance. They do not show that an expert advised counsel before trial that insanity was untenable or that counsel knowingly persisted with a defense his experts had rejected.

The same is true of the social-work assessment attached at DE 66-1 at 11. That document reflects that attempts to obtain certain video footage and records from specified institutions were unsuccessful. It does not establish that trial counsel lacked access to the shooting videos that counsel testified he reviewed, much less rebut the PCR court's decision to credit counsel's testimony that he reviewed those videos and discussed the evidence and available defenses with Petitioner. (DE 32-2 at 102–03.) The assessment itself says only that particular attempts to obtain the materials were unsuccessful. (DE 66-1 at 11.)

Second, Petitioner's proposed standard for judging counsel's strategic choice is inconsistent with *Strickland*. Counsel's performance is not constitutionally deficient whenever the defense ultimately emphasized at trial proves unsuccessful, nor does the Sixth Amendment prescribe a categorical hierarchy among plausible defenses. *Strickland* instead asks whether counsel's choices were reasonable when viewed from

counsel's perspective at the time and in light of the investigation then undertaken. 466 U.S. at 689–91.

*Knowles* reinforces that principle. There, the Supreme Court rejected an effort to impose a defense-specific rule more demanding than *Strickland* and emphasized that counsel need not pursue every available defense regardless of its realistic prospects. 556 U.S. at 124–27. The Court reiterated that strategic choices reached after adequate investigation receive substantial deference. *Id.* at 124–27; *see Strickland*, 466 U.S. at 690. Although *Knowles* involved counsel's decision to discontinue an insanity defense rather than the decision at issue here, its governing point applies: federal habeas review does not permit a court to substitute a categorical rule about which defense counsel should have selected for *Strickland*'s deferential reasonableness inquiry.

*Elmore v. Ozmint* does not point the other way. There, counsel's investigation into critical forensic evidence never started, so there was no informed strategic choice to which deference could attach. 661 F.3d 783, 864 (4th Cir. 2011). Here, by contrast, the PCR court credited counsel's testimony that he reviewed the shooting videos, discussed self-defense with Petitioner, met with him repeatedly, and made a considered assessment that the evidence did not support making self-defense the principal theory. (DE 32-2 at 102–03, 119–20.)

Third, the state PCR record supplies a reasonable basis for the PCR court's adjudication. Trial counsel testified that he discussed self-defense with Petitioner, but concluded from the videos and other evidence that the shooting did not present a

strong self-defense case. (DE 32-2 at 102.) Counsel testified that he visited Petitioner approximately a dozen times, discussed the evidence and defenses with him in detail, and reviewed the shooting videos with him. (*Id.* at 102–03.) Counsel also testified that the videos did not appear altered in the manner Petitioner claimed. (*Id.* at 103.) The PCR court credited counsel's testimony and found the strategic decision reasonable. (*Id.* at 119–20.)

Petitioner's selective references to evidence favorable to self-defense do not render that determination unreasonable. Enough evidence existed for counsel to request, and obtain, a self-defense instruction. But the existence of evidence sufficient to warrant an instruction is not equivalent to establishing that constitutionally competent counsel was required to make self-defense the centerpiece of the case. The PCR court could reasonably distinguish between preserving the defense for the jury and deciding, after reviewing all of the evidence, which theory should receive primary emphasis.

Nor has Petitioner rebutted the PCR court's credibility findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). *Mahdi* instructs federal courts to be "especially deferential" to PCR credibility findings and not overturn them unless the error is "stark and clear." 20 F.4th at 892. Petitioner's attachments establish that counsel investigated and prepared an insanity theory; they do not establish that counsel falsely described his investigation of self-defense or the videos at the PCR hearing.

Finally, Petitioner has not shown that the PCR court unreasonably applied *Strickland*'s prejudice requirement. The jury was instructed on self-defense. (DE 32-2 at 17–19, 120.) The PCR court nonetheless concluded Petitioner failed to show a reasonable probability that additional argument or greater emphasis on that defense would have altered the verdict. (*Id.* at 119–20.) Petitioner's objections repeat why he believes self-defense was the better theory, but they do not demonstrate that the state court's contrary prejudice determination was beyond fairminded disagreement.

AEDPA requires more than a showing that another attorney, or a federal court examining the matter retrospectively, might have selected a different strategy. The question is whether there is a reasonable argument supporting the state court's conclusion that counsel satisfied *Strickland*. *See Richter*, 562 U.S. at 105. On this record, there plainly is. Accordingly, Petitioner's objection concerning trial counsel's selection and presentation of the defense strategy is overruled.

**3. Medical Records, Video Evidence, and Request for an Evidentiary Hearing**

Petitioner also maintains that medical records would show that he shot only one victim rather than two and that video evidence would establish self-defense. (DE 66 at 4.) He states that, because he is incarcerated, he has been unable to obtain those materials himself and asks this Court to obtain or develop the evidence through an evidentiary hearing. (*Id.* at 4, 6.) The objection does not warrant relief.

As the Report observed, Petitioner has not produced the medical records on which he relies or identified concrete contents of those records beyond his own prediction of what they would establish. (DE 59 at 20–22.) Respondent made the same

point in support of summary judgment, arguing that Petitioner had produced no medical records or other evidence showing what counsel allegedly failed to obtain or how the omission could have altered the outcome. (DE 32 at 20–21.) Petitioner's attachment showing that a social worker unsuccessfully attempted to obtain certain records confirms an effort to secure records. But it does not establish what any unproduced record says. Nor does the attachment establish that omitted medical evidence would undermine the PCR court's adjudication of the preserved self-defense claim.

The distinction is important under AEDPA. The PCR court adjudicated the self-defense ineffective-assistance claim on the merits. Review of that adjudication under § 2254(d), therefore, focuses on the record that was before the state court. *See Pinholster*, 563 U.S. at 181–82; *see also Mahdi*, 20 F.4th at 854, 891–92. Petitioner cannot establish that the PCR court's merits determination was unreasonable by relying on speculation about evidence not actually placed before that court.

The federal evidentiary-hearing request does not solve that problem. Petitioner already received an evidentiary hearing in the state PCR proceeding on April 18, 2022. (DE 32-2 at 63–110.) The Report correctly rejected Petitioner's assertion in his Motion for Summary Judgment that no PCR evidentiary hearing had occurred. (DE 59 at 41–42.) More importantly, because Petitioner has not overcome § 2254(d) on the state-court record as to the preserved claim, a federal evidentiary hearing is not warranted to generate evidence with which to relitigate that adjudication. *See Pinholster*, 563 U.S. at 181–82. The procedurally defaulted claims

likewise do not support a hearing because Petitioner has not shown a basis to excuse the default. The Court, therefore, need not reach whether § 2254(e)(2) would impose an additional limitation on a hearing.

Petitioner's request for an evidentiary hearing is denied. For the same reasons, his objections do not establish that he is entitled to summary judgment on his habeas claims, and the Court denies his request that it grant his Motion for Summary Judgment (DE 36).

**4. Remaining Portions of the Report**

The Court has reviewed the portions of the Report not specifically challenged by a cognizable objection and finds no clear error. Petitioner does not specifically challenge the Report's disposition of the remaining ineffective-assistance allegations in Ground One or the independent due-process theories in Ground Two. The Report addressed those claims as procedurally barred and, alternatively, on their merits. (DE 59 at 20–40.) No further discussion is necessary. *See Diamond*, 416 F.3d at 315; *Elijah*, 66 F.4th at 460–61. Subject to the supplemental reasoning above, those portions of the Report are adopted.

**5. Petitioner's Motion for Leave to Amend**

Petitioner filed a Motion for Leave to Amend after filing his objections. (DE 68.) He asks to incorporate into the Amended Petition three filings he previously made: his January 2026 opposition to summary judgment, his February 2026 filing treated as a sur-reply, and his April 2026 statement of disputed and undisputed facts. (DE 68 at 1; *see* DE 39; DE 44; DE 57.) Respondent opposes the motion because all

three documents are already part of the record and were before the Magistrate Judge when the Report was issued. (DE 69 at 1–2.)

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be freely given when justice so requires, and Rule 15 applies to habeas petitions to the extent consistent with the Rules Governing Section 2254 Cases. *See Mayle v. Felix*, 545 U.S. 644, 654–55 (2005); Rule 12, Rules Governing § 2254 Cases. At the same time, Habeas Rule 2(c) requires the petition itself to specify all grounds for relief and the facts supporting each ground. *See Mayle*, 545 U.S. at 655–56.

DE 68 does not identify a new ground for relief or new factual allegations for inclusion in the operative petition. Petitioner asks only that DE 39, DE 44, and DE 57 be formally "incorporated." (DE 68 at 1.) Those filings are already part of the record, and the Report expressly identified Petitioner's opposition, sur-reply, and later submissions in resolving the dispositive motions. (DE 59 at 8, 41.) Respondent, therefore, argues that amendment is redundant because the identified filings are already before the Court. (DE 69 at 1–2.) The Court agrees. Whether DE 68 is treated as a request to amend the pleading or simply to ensure consideration of prior filings, no amendment is necessary.

The Court need not reach Respondent's additional Rule 11 argument or determine that Petitioner acted for an improper purpose. (DE 69 at 2.) The redundancy of the requested amendment is sufficient. Petitioner's Motion for Leave to Amend (DE 68) is denied.

**E. Certificate of Appealability**

A certificate of appealability may issue only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas claim is rejected on the merits, a certificate may issue only if reasonable jurists could debate the Court's assessment of the constitutional claim. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When relief is denied on a procedural ground, Petitioner must show that reasonable jurists could debate both the procedural ruling and whether the petition states a valid constitutional claim. *See Slack*, 529 U.S. at 484.

Petitioner has not made that showing. As to the preserved self-defense ineffective-assistance claim, the PCR court applied *Strickland*, credited trial counsel's testimony concerning his investigation and strategic judgment, and found neither deficient performance nor prejudice. Petitioner's objections and supporting materials do not show that adjudication to be objectively unreasonable under § 2254(d).

Nor has Petitioner made the required showing as to the procedurally defaulted claims. *Mahdi* confirms the procedural consequences of failing to carry PCR claims through the South Carolina appellate process and the limitation of *Martinez* to qualifying deficiencies by initial-review PCR counsel rather than PCR appellate counsel. 20 F.4th at 892–94, 897–98. Reasonable jurists would not debate the procedural ruling on the showing made here. A certificate of appealability is, therefore, denied.

### F. Conclusion

Accordingly, the Court **OVERRULES** Petitioner's objections (DE 66) and **ADOPTS** the Report and Recommendation (DE 59) as supplemented by this Order.

Respondent's Motion for Summary Judgment (DE 33) is **GRANTED**. Petitioner's Motion for Summary Judgment (DE 36) is **DENIED**. Petitioner's Motion for Leave to Amend (DE 68) is **DENIED**. The Amended Petition for a writ of habeas corpus under 28 U.S.C. § 2254 (DE 25) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

A certificate of appealability is **DENIED**. The Clerk is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 26, 2026

**NOTICE OF RIGHT TO APPEAL**

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).